UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NAULA GORDON,

           Plaintiff,

v.

HCR HOME CARE,

           Defendant.

DECISION & ORDER
16-CV-6671

FILED SEP 13 2017 MARY C. LOEWENGUTH, CLERK U.S. DISTRICT COURT WESTERN DISTRICT OF NY

### Preliminary Statement

Pro se plaintiff Naula Gordon ("plaintiff") brings the instant action alleging unlawful employment discrimination based on her religion, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. See Complaint (Docket # 1). Pending before the Court is plaintiff's motion to appoint counsel, dated October 11, 2016. See Docket # 3.

### Discussion

In her motion, plaintiff argues that she needs Court-appointed counsel because she is "a low income individual who is on maternity leave." Plaintiff states that she does not "have the funds to pay for a lawyer." Docket # 3. For the reasons that follow, plaintiff's motion is **denied without prejudice to renew**.

Indigent civil litigants, unlike criminal defendants, do not have a constitutional right to counsel. See Burgos v. Hopkins,

14 F.3d 787, 789 (2d Cir. 1994). Nevertheless, a court has the discretion to appoint counsel to represent indigent litigants pursuant to 28 U.S.C. § 1915(e) when the facts of the case warrant it. Sears, Roebuck & Co. v. Charles W Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988); see also, In re Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984). The Second Circuit set forth the factors to be considered in deciding whether or not to assign counsel in Hodge v. Police Officers:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason in the case why appointment of counsel would be more likely to lead to a just determination.

802 F.2d 58, 61-62 (2d Cir. 1986).

Plaintiff's case is at the earliest stages of litigation, but the Court will assume that plaintiff has satisfied an initial threshold showing of merit. However, assuming plaintiff has a valid claim for employment discrimination, I conclude that appointment of counsel is not warranted at this particular time based on the nature of the issues involved and plaintiff's ability thus far to present her claims.

"Volunteer lawyer time is a precious commodity" that "should not be allocated arbitrarily." Cooper v. A. Sargenti Co., 877

2

F.2d 170, 172 (2d Cir. 1989). In this case, plaintiff's claims do not present any novel or complex legal or factual issues that would require the immediate assistance of counsel. See, e.g., Guess v. University of Rochester, No. 11-CV-6473, 2014 WL 4724889 (W.D.N.Y. Sept. 8, 2014) (plaintiff's employment discrimination case did not involve novel or complex legal issues); White v. Eastman Kodak Co., No. 06-CV-6493CJS, 2007 WL 1827508, at *1 (W.D.N.Y. June 20, 2007) (case where plaintiff alleged employment discrimination did not involve complex issues); Colon-Reyes v. Fegs Health and Human Servs. Sys., No. 12 Civ. 2223(CM), 2012 WL 2353732, at *2 (S.D.N.Y. June 13, 2012) (plaintiff's employment discrimination claims were "not so complex or unique that appointment of counsel was merited). Here, plaintiff's pro se complaint is straightforward and well drafted in describing the detailed events that gave rise to the alleged violation. See Complaint (Docket # 1). Plaintiff successfully applied for and was granted in forma pauperis status by the Court. See Docket ## 5, 6. On September 13, 2017, the Court held an in-person scheduling conference with the parties, at which plaintiff was articulate, asked thoughtful and related questions, and evinced an understanding of the litigation processes as explained by the Court. See Docket # 13. Lastly, plaintiff provides no specific reasons why she is unable to litigate the case on her own.

Thus, I find that plaintiff's request to be appointed pro bono counsel is not warranted at this time. Plaintiff may consult with the Western District's pro se office attorneys for questions on discovery process and procedure. Plaintiff's motion to appoint counsel is **denied without prejudice to renew**.

### Conclusion

For the reasons stated above, plaintiff's motion for appointment of counsel (Docket # 3) is **denied without prejudice to renew**.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: September 12, 2017
Rochester, New York